## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

PAUL E. PODHORN,

           Petitioner,

        v.

J. GRONDOLSKY,

           Respondent.

Civil No. 09-2531 (JBS)

**ORDER**

      This matter comes before the Court upon Petitioner's repeated motion ("Motion"), Docket Entry No. 7, seeking reconsideration of this Court's decision entered on June 15, 2009, see Docket Entries Nos. 2 and 3, and it appearing that:

1.      On May 27, 2009, the Clerk received the Petition. See Docket Entry No. 1.

2.      On June 12, 2009, this Court issued an order ("June Order") and accompanying opinion ("June Opinion").   See Docket Entries Nos. 2 and 3.   In its June Opinion, the Court explained to Petitioner that Petitioner's Bivens challenges could be raised only in a civil complaint.  See Docket Entry No. 2, at 1-2.  The Court also explained to Petitioner that Petitioner's Bivens challenges are already raised by Petitioner in the civil complaint pending before Judge Hillman. See id. at 2 and Docket Entry No. 3.  In addition, the Court clarified to Petitioner that Petitioner could not obtain clemency by raising habeas challenges, since prisoners have no due process right in getting clemency hearings or obtaining clemency. See Docket Entry No. 2, at 2-3.  Finally, the Court explained to Petitioner invalidity of his speculative habeas claims and detailed to him the process of administrative exhaustion. See id. at 3-6 and n. 1.

3.    On June 23, 2009, the Clerk docketed -- for notice purposes only -- an order entered in Podhorn v. Grondolsky, 09-1210 (RMB), where Judge Bumb traced all procedural and substantive developments in Petitioner's actions initiated in this District, including the instant matter. See Docket Entry No. 4.

4.    On June 30, 2009, the Clerk docketed Petitioner's original motion for reconsideration. See Docket Entry No. 5. On July 8, 2009, this Court denied Petitioner's original motion on the grounds that the motion largely reiterated Petitioner's challenges already disposed of in this Court's June Order and June Opinion and outlines Petitioner's emotions irrelevant to the substance of his claims. See Docket Entry No. 6. In addition, the Court pointed out to Petitioner that Petitioner's assertion assertions as to exhaustion were without merit. See id. at 2-4.

5.    However, the Court also stated as follows:

> [I]n the event Petitioner: (a) obtains a formal response from his warden indicating that Petitioner should not be released in the nearest future, but, at the same time, (b) Petitioner is of opinion that the sentence imposed upon him is about to expire in the nearest future, Petitioner may be excused from further exhaustion of this claim in light of potential exigency of such circumstances, i.e., in light of the possibility that Petitioner might be held in confinement in excess of the sentenced imposed upon him.

Id. at 3.

6.    On July 16, 2009, the Clerk docketed Petitioner's instant Motion for re-reconsideration. See Docket Entry No. 7. The instant Motion: (a) asserts that Petitioner is being denied transfer to community correctional center; (maintains that Petitioner release date should be August 5, 2009, rather than November 9, 2009; and (c) concedes that Petitioner raised these challenges only with the warden at his place of confinement. See id. at 1-2. Petitioner,

however, asserts that exhaustion with the Regional and Central Offices of the Bureau of Prisons ("BOP") would be futile, and seeks being excused from the exhaustion requirement on the grounds that the warden did not respond to Petitioner's grievance. In addition, Petitioner recites his medical care challenges.

7.   As this Court -- and Judge Bumb -- already pointed out to Petitioner, time and again, Petitioner's condition of confinement challenges (including medical care challenges) should be litigated in a <u>Bivens</u> action; such action is already pending before Judge Hillman, <u>see</u> <u>Podhorn v. Grondolsky</u>, 09-2611 (NLH), the matter, which is currently in administrative termination, subject to reopening in the event Petitioner duly applies for <u>in forma pauperis</u> status. Thus, this Court is without jurisdiction to address Petitioner's condition of confinement challenges (including medical care challenges) in this habeas action.

8.   Petitioner's habeas challenges raised in this Motion, namely, challenges to non-transfer to a community correctional center and allegedly wrongful calculation of Petitioner's sentence appear to be qualitatively different from Petitioner's original challenges raised in this matter, <u>i.e.</u>, from Petitioner's requests for clemency release and from his speculative fears that the BOP would refuse to follow the orders of Petitioner's sentencing court. Thus, Petitioner's habeas challenges raised in this Motion cannot be entertained in this matter.[1]

_____

[1] The Court located a Petitioner's statement potentially related to Petitioner's community-correctional-center challenges in one of the submissions made by Petitioner to Judge Bumb, <u>see</u> <u>Podhorn v. Grondolsky</u>, 09-1210 (RMB), Docket Entry No. 5, at 2-3 (asserting that, "while [Petitioner] was in the SHU [confinement,] some unidentified BOP staff put him on FRP refusal status"). This statements appears to be potentially relevant in light of the applicable legal regime, <u>i.e.</u>, since, pursuant to BOP Program Statement 7300.09, Community Corrections Manual, all prisoners who transfer to a Residential Re-entry Center as part of their pre-release transition programming are required to participate in the Subsistence Program. <u>See</u> Program Statement 7300.09 § 5.13.1 ("To promote financial responsibility and offset the cost of incarceration, the

9.    Moreover, the fact that Petitioner did not receive a response from his warden does not render
      the exhaustion requirement futile with respect to the BOP's Regional and Central Offices.

10.   However, in light of the BOP's projected release date for Petitioner (November 9, 2009),
      see <<http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=NameSearch&needin
      gMoreList=false&FirstName=paul&Middle=&LastName=podhorn&Race=U&Sex=U&A
      ge=&x=0&y=0>>, as well as Petitioner's allegations that his correct release date should be
      August 5, 2009, that is, about two weeks from the date of entry of this Order, this Court finds
      Petitioner's: (a) release-date challenges; and (b) Second-Chance-Act challenges sufficiently
      exigent to excuse the exhaustion requirement.

      IT IS, therefore, on this __20th__ day of __July__, 2009,

      ORDERED that the Clerk shall reopen this matter to entertain Petitioner's Motion for re-
reconsideration, Docket Entry No. 7, by making a new and separate entry on the docket reading
"CIVIL CASE REOPENED"; and it is further

      ORDERED that Petitioner's Motion for re-reconsideration, Docket Entry No. 7, is denied,
since Petitioner did not assert any grounds warranting reconsideration of this Court's prior orders;
and it is further

      ORDERED that the Clerk shall close the file on this matter by making a new and separate
entry on the docket reading "CIVIL CASE CLOSED"; and it is further

---

Bureau requires inmates to make subsistence payments to contractors.  Contractors shall collect
25% of each employed inmate's weekly gross income not to exceed the daily inmate-day rate").
The Manual also provides that inmates who fail to pay the subsistence may have privileges
withheld or disciplinary action taken, including termination from the program.  See id.

ORDERED that, in light of the conclusive closure of this matter, Petitioner shall not submit any documents for filing in this action; and it is further

ORDERED that the Clerk shall open a new and separate matter for Petitioner for the purposes of entertaining: (a) Petitioner's assertion that his release date is incorrectly calculated as November 9, 2009, rather than August 5, 2009; and (b) Petitioner's Second Chance Act challenges; and it is further

ORDERED that, in this new and separate matter, the Clerk shall designate "PAUL E. PODHORN, JR."[2] as Petitioner and "J. GRONDOLSKY, WARDEN OF F.C.I. FORT DIX" as Respondent; and it is further

ORDERED that, for the purposes of this new and separate matter, the Clerk shall designate "CAUSE" as "28:2241 Petition for Writ of Habeas Corpus," and "NATURE OF SUIT" as "530 Habeas Corpus (General)"; and it is further

ORDERED that, for the purposes of this new and separate matter only, Petitioner is granted in forma pauperis status; and it is further

ORDERED that the Clerk shall file, in that new and separate matter, Petitioner's Motion for re-reconsideration, Docket Entry No. 7, designating it as "PETITION" and docket entry No. 1; and it is further

ORDERED that the Clerk shall file the instant Order in this matter, as well as in that new and separate matter (designating it as docket entry No. 2); and it is further

---

[2]  The Clerk shall designate Petitioner's address as "Paul E. Podhorn, Jr., ID. Number 55380-083, Federal Correctional Institution Fort Dix, P.O. Box 2000, Fort Dix, New Jersey 08640," and utilize that address for all mailings to Petitioner.

ORDERED that the Clerk shall serve a copy of Petitioner's Motion for re-reconsideration, Docket Entry No. 7 (docketed as docket entry No. 1 in that new and separate matter), and a copy of this Order by certified mail, return receipt requested, upon Respondent; and it is further

ORDERED the Clerk shall forward the same, electronically[3] and, in addition, by by certified mail, return receipt requested, to the Chief, Civil Division, United States Attorney's Office, 970 Broad Street, Room 700, Newark, NJ 07102; and it is further

ORDERED that, within ten (10) days of the date of the entry of this Order, Respondent shall electronically file an answer which responds to the allegations stated in Petitioner's Motion for re-reconsideration, Docket Entry No. 7 (docketed as docket entry No. 1 in that new and separate matter). This response, however, should be limited to Petitioner's habeas challenges, i.e., to the challenges to calculation of Petitioner's date of release and to Petitioner's assertion that he is wrongfully denied transfer to a community correctional center;[4] and it is further

ORDERED that the answer shall state the statutory authority for Petitioner's detention, see 28 U.S.C. § 2243; and it is further

---

[3] The Clerk shall accompany such electronic mailing with "HIGH PRIORITY" signal.

[4] The Court, being mindful of the tight deadline imposed upon Respondent by this Order, will entertain Respondent's informal letter, submitted in lieu of a formal answer. Moreover, in the event Respondent is unable to address both Petitioner's habeas challenges within ten days from the date of entry of this Order, the Court will accept Respondent's formal answer to Petitioner's Second Chance Act challenges within thirty (30) days from the date of entry of this Order. However, the Court's deadline as to Petitioner's challenges to calculation of his release date cannot be extended, and Respondent's response to these challenges -- being reduced either to a formal answer or to an informal letter -- is due within ten days from the date of entry of this Order; such response must include a clear explanation of Respondent's calculation model and be accompanied by copies of the documents upon which Respondent relies for his calculations.

ORDERED that Respondents shall electronically file with the answer copies of all documents relating to Petitioner's claim; and it is further

ORDERED that, within 7 days of Petitioner's release, Respondents shall electronically file a written notice of the same with the Clerk; and it is further

ORDERED that the Clerk shall docket a copy of this Order in <u>Podhorn v. Grondolsky</u>, 09-1210 (RMB), with a notation reading "ORDER FILED FOR NOTICE PURPOSES ONLY";[5] and it is finally

ORDERED that the Clerk shall serve this Order on Petitioner by regular mail, together with a copy of the docket sheet in that new and separate matter.


s/ Jerome B. Simandle
**Jerome B. Simandle**
**United States District Judge**

---

[5] The Court directs such docketing to ensure that Petitioner would not raise the very same challenges before Judge Bumb, who addressed another habeas application by Petitioner.